## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

**JEREMIAH VERNON WEBB**,
Individually and as Next Friend of
**B.A.W., a minor**,
Plaintiffs,

**v.**                                                    Case No.: [Assigned by Clerk]
                                                          JURY TRIAL DEMANDED


**FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES** (DCF);

**DAVID BOOKER**, in his individual and official capacity as a DCF Investigator;

**DEKESHA BATTIESTE**, in her individual and official capacity as a DCF Operations and Management Consultant II;

**"DEADRA SUPERVISOR"** (full name unknown), in her individual and official capacity as a DCF Supervisor;

**SARASOTA COUNTY** (as the entity responsible for DCF operations in Sarasota);

**JENNIFER FULVIA MEISTER**, in her individual and official capacity as former DCF General Counsel and attorney for Ligia Cervera n/k/a Hall;

**PRINCIPAL AMY YAGER**, in her individual and official capacity as Principal of Incarnation Catholic School;

**DIOCESE OF VENICE IN FLORIDA**, as operator of Incarnation Catholic School;

**INCARNATION PARISH IN SARASOTA, INC**., as operator of Incarnation Catholic School;

**DETECTIVE LENISHIA TWENTY**, in her individual and official capacity;

**SERGEANT JASON SMITH**, in his individual and official capacity;

**LIUTENANT MARIAH PIPER**, in her individual and official capacity;

**OFFICER CLIFF CESPEDES**, in his individual and official capacity;

**SARASOTA COUNTY SHERIFF'S OFFICE**; and

**JOHN/JANE DOES 1-99** (unknown DCF employees, school staff, law enforcement officers or others involved in the misconduct),
Defendants.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

### INTRODUCTION

### COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, STATE LAW CLAIMS, AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs JEREMIAH VERNON WEBB, individually and as Next Friend of minor child B.A.W., proceeding pro se, and files this Complaint against Defendants pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, and supplemental state law claims. Plaintiff seeks compensatory damages, punitive damages, declaratory and injunctive relief, and attorney fees and costs.

### I. JURISDICTION AND VENUE

This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a) as they form part of the same case or controversy. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Sarasota County, Florida, and Defendants reside or operate within this district.

### II. PARTIES

Plaintiff Jeremiah Vernon Webb is a resident of Sarasota County, Florida, and the natural father of minor child B.A.W. born 2013. Plaintiff has shared legal custody and a week-on/week-off timeshare arrangement (182.5/182.5 equal split) with Defendant Hall pursuant to a valid Florida court order from May 25 2022.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

Defendant Florida Department of Children and Families (DCF) is a state agency responsible for child welfare investigations in Florida, operating in Sarasota County. DCF is sued for its policies, customs, and practices under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Defendant Sarasota County is a municipal entity responsible for overseeing DCF operations in Sarasota and is sued for its role in *Monell* liability.

Defendant David Booker is a DCF Investigator employed by DCF in Sarasota. He is sued in his individual and official capacities for actions under color of state law.

Defendant Dekesha Battieste is an Operations and Management Consultant II (C12 and C20) with DCF in Sarasota. She is sued in her individual and official capacities.

Defendant Deadra's [Full Name Unknown] is a DCF Supervisor in Sarasota. She is sued in her individual and official capacities.

Defendant Jennifer Fulvia Meister is the former General Counsel for DCF, working for the Department of Children and Families in the Children's Legal Services division, where she prosecuted dependency and termination of parental rights cases, having served in that capacity for two and a half years, and was the attorney for Ligia Cervera n/k/a Hall in family court proceedings but has since withdrawn. She is sued in her individual and official capacities for actions under color of state law (acting in concert with DCF using her experience and tenure as General Counsel previously).

Defendant Principal Amy Yager is the Principal of Incarnation Catholic School, a school operated by the Diocese of Venice in Florida and Incarnation Parish in Sarasota, Inc. She is sued in her individual and official capacities for actions under color of state law (acting in concert with DCF).

Defendant Diocese of Venice in Florida is a religious entity operating Incarnation Catholic School and is sued for its policies and as Yager's employer.

Defendant Incarnation Parish in Sarasota, Inc. is the legal entity operating Incarnation Catholic School and is sued for its policies and as Yager's employer.

Defendants Lt. Mariah Piper, Detective Lenishia Twenty, Sergeant Jason Smith, with the Sarasota County Sheriff's Office and Officer Cliff Cespedes with the Sarasota Police Department. They are sued in their individual and official capacities for actions under color of state law.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

Defendant Sarasota County Sheriff's Office is a municipal entity sued for its policies under *Monell*.

John/Jane Does 1-99 are unknown individuals who participated in the misconduct and will be identified through discovery.

### III. FACTUAL ALLEGATIONS

1.  Plaintiff has joint legal custody of minor B.A.W. with 182.5 equal split and no primary parent under a court-ordered week-on/week-off timeshare. Plaintiff's weeks include February 14-21, 2025, and February 28-March 7, 2025.

2.  On February 17, 2025, Plaintiff filed a complaint with the Governor's Office of Chief Inspector General, which was forwarded to the Inspector General of DCF and the Inspector General of the Florida Department of Education (FDOE).

3.  On February 18, 2025, during Plaintiff's timeshare week, Incarnation Catholic School trespassed Plaintiff from the premises without cause after he dropped off B.A.W. that morning. When Plaintiff attempted pickup later, the school refused, citing no reason.

4.  Plaintiff immediately went to DCF/CPI headquarters in Sarasota and filed a complaint. Defendants Booker and Battieste interviewed Plaintiff, reviewed a SIPPE report on Hall showing prior issues, and explicitly stated: "We never said to withhold the child. Go get your kid. If you need the cops, call them and call Booker." Battieste provided Booker's business card. Plaintiff asked if they would "throw [him] under the bus," and they assured him no. Booker texted Plaintiff that he was at the school as Plaintiff was the whistleblower and that "the school was not cooperating."

5.  Later on February 18, 2025, at Hall's residence, police (Officers Plumley and Howell) arrived. Bodycam footage shows Hall calling Booker's personal cell from her personal cell. Booker instructed the officers to let Hall keep B.A.W., contradicting his earlier statement to Plaintiff not just

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

thirty minutes prior. Officers complied, denying Plaintiff custody. Early police reports from February 18, 2025, and February 28, 2025, at Hall's residence indicate Hall mentioned the names of DCF supervisors, which she could not have known without assistance from Defendant Meister, who was then acting as Hall's attorney but previously as DCF General Counsel.

6.    Plaintiff contacted Booker and Battieste via calls, texts, and emails, accusing them of lying. They ignored all communications.

7.    On February 19, 2025, the school and Hall again withheld B.A.W., citing "DCF/Booker said to."

8.    This withholding continued until February 27, 2025, when Battieste called Plaintiff, denying any withholding directive: "We told the cops and Hall to follow the court order." She promised to call Hall and instruct compliance starting February 28 (Plaintiff's next week). Battieste did call Hall then called me back to confirm. Hall's emergency motion for full custody (filed February 20, citing Booker's directive) was denied that day.

9.    On February 28, 2025, at Incarnation Catholic School, Yager and Hall withheld B.A.W., citing DCF. Deputy Vimara Gorsuch was on scene and confirmed with DCF supervisor Deadra (full name unknown) twice that the DCF directive was to follow the court order. Yager remained defiant after being ordered to walk minor child B.A.W. to Plaintiff (Jeremiah Vernon Webb and as next friend of minor child B.A.W.), but Yager refused and released the child to Hall despite the court order directing release to Webb. Earlier Yager called 911 and defamed Plaintiff without evidences saying again that DCF said to.

10.   At Hall's residence later that day, Officer Cliff Cespedes arrived, called Battieste, who mentioned a pending investigation against Plaintiff

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

(investigation against Plaintiff did not currently exist) and instructed not to enforce the order. This contradicted Battieste's February 27 call.

11. Detective Lenishia Twenty and Sergeant Jason Smith refused to pursue a criminal complaint filed by Plaintiff against the Diocese of Venice, instead turning on Plaintiff by forcing him into a second-floor deposition room after he attempted to drop off new evidence against the Diocese. During the recorded deposition, Smith stated "he could interpret the law", not just enforce it. Twenty and Smith defended DCF's Booker and Battieste, coordinated against Plaintiff, refused to pursue charges, and attempted to persuade the State Attorney's Office not to arrest Hall on the single count of § 787.03 charge filed by Sarasota Police Department.

12. On March 17/18, 2025, Sarasota PD filed one count against Hall under Fla. Stat. § 787.03 for custody interference.

13. On March 17/18, 2025, DCF opened a sham investigation against Plaintiff (supervised by Battieste), alleging intimidation during goodnight calls. Battieste told Plaintiff his "fighting so hard" made him "look guilty." Cespedes confirmed this was planned since February 28 then helped them do so. The State Attorney delayed Hall's arrest pending this investigation. These actions occurred under the tutelage and assistance of Defendant Meister drawing from her tenure in terminating parental rights as DCF General Counsel and later in the Office of Attorney General. She used her intimate knowledge to harm Plaintiff(s).

14. Plaintiff produced a 2024 DCF complaint against him where he was cleared of all allegations, deemed a good dad, and Hall was labeled a parental alienator. When produced to Battieste after her sham investigation, she covered it up and refused to include it in her new fake report against Plaintiff.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

15.  Plaintiff produced 15 recorded "goodnight" phone calls between him and B.A.W., proving no intimidation as alleged. Battieste covered those up as well and continued her fake investigation against Plaintiff.

16.  Defendants' lies, fabrications, and flip-flopping (telling Plaintiff one thing, others another) caused unlawful seizure of B.A.W. and deprivation of Plaintiff's familial rights, mirroring misconduct in *Hardwick v. County. of Orange*, 980 F.3d 733 (9th Cir. 2020) (social workers' lies violated parental rights).

17.  DCF's policies of deliberate indifference to training/supervision enabled this, as in *Monell*.

### IV. CAUSES OF ACTION

### Count 1: Violation of 14th Amendment Due Process (Familial Association) – 42 U.S.C. § 1983

(Against Individual Defendants Booker, Battieste, Deadra, Yager, Piper, Twenty, Smith, Cespedes)

Parents have a fundamental liberty interest in the companionship, care, custody, and management of their children under the 14th Amendment. *Troxel v. Granville*, 530 U.S. 57 (2000); *Santosky v. Kramer*, 455 U.S. 745 (1982). Defendants, acting under color of state law, intentionally fabricated evidence, made misrepresentations, and suppressed facts (including the 2024 DCF clearance and recorded calls) to interfere with Plaintiff's custody, causing separation from B.A.W. without due process or justification. This shocked the conscience and was not narrowly tailored to a compelling interest. *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000); *Hardwick v. Cnty. of Orange*, 844 F.3d 1112 (9th Cir. 2017) (fabrications in child proceedings violate rights). Proximate cause: Loss of custody, emotional distress. No qualified immunity due to malice/deliberate indifference.

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

### Count 2: Violation of 4th Amendment (Unreasonable Seizure of Child) – 42 U.S.C. § 1983

(Against Individual Defendants)

The 4th Amendment prohibits unreasonable seizures, including of children without warrant or exigent circumstances. *Keates v. Koile*, 883 F.3d 1228 (9th Cir. 2018). Defendants' actions caused unlawful seizure of B.A.W. by withholding her based on lies, without probable cause or court order modification. Similar to *Hardwick*, where fabrications led to removal.

### Count 3: Monell Liability – 42 U.S.C. § 1983

(Against DCF, Sarasota County, Sarasota County Sheriff's Office, Diocese of Venice in Florida, Incarnation Parish in Sarasota, Inc.)

Defendants' policies/customs of inadequate training/supervision on truthful investigations, parental rights, and custody enforcement were the moving force behind violations. *Monell*, 436 U.S. 658. Deliberate indifference: No discipline for lies; pattern of flip-flopping and evidence suppression (evidenced by HRW report on FL child welfare biases). Ratification: Supervisors (Battieste, Smith) endorsed misconduct.

### Count 4: State Law – Interference with Custody (Fla. Stat. § 787.03 Civil Analog/Intentional Tort)

(Against All Defendants)

Defendants intentionally interfered with Plaintiff's custodial rights, violating Fla. Stat. § 787.03 (criminal interference creates civil duty). Proximate harm: Separation from child for 156+ days and counting.

### V. PRAYER FOR RELIEF

WHEREFORE Plaintiff requests:

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

• Compensatory damages: $5,000,000 for emotional, economic harm.

• Punitive damages against individuals for malice.

• Declaratory judgment: Actions unconstitutional.

• Injunction: Enjoin DCF from fabrications; require training.

• Attorney fees/costs under 42 U.S.C. § 1988.

• Jury trial.

Respectfully submitted on July 28th 2025

Jeremiah Vernon Webb

**VERIFICATION**

Under penalty of perjury, I declare that the foregoing is true and correct.

Jeremiah Vernon Webb

Pro se Litigant and Next Friend to
Minor Child, B.A.W.
11121 Lost Creek Terr 101,
Lakewood Ranch, FL 34211
jeremiah@shoponfire.com | (801) 755-9600