# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JEREMIAH VERNON WEBB,

      Plaintiff,

v.                                Case No.: 8:25-cv-1990-SDM-LSG

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES;
DAVID BOOKER; DEKESHA J.
BATTIESTE; TONGE JOHNSON;
and JOHN and JANE DOE(S),

      Defendants.
_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff moves under 28 U.S.C. § 1915 to proceed without pre-paying the filing fee. Doc. 2. After a careful review under 28 U.S.C. § 1915(e)(2)(B), I recommend denying the motion and dismissing the amended complaint without leave to amend.

## I.    BACKGROUND

Jeremiah Vernon Webb is the biological father of a minor child. Webb and the child's mother are parties to a domestic dispute that began in state court on March 20, 2015, and remains pending on appeal.[1] As explained in this report, Webb alleges

---

[1] *Cervera v. Webb*, No. 2015 DR 1516 NC (Fla. 12th Cir. Ct. 2015); *Webb v. Hall*, No. 2D2026-0528 (Fla. 2d DCA 2026). Judicial notice of Webb's state court cases is appropriate here. *See Mathieson v. Wells Fargo Bank, NA*, No. 8:20-cv-2728-WFJ-SPF, 2021 WL 877698, at *5 n.10 (M.D. Fla. Mar. 9,

a series of incidents beginning in February 2025 and continuing through April 2025 arising from his attempted visitation with the child. Believing that these incidents violated his rights under state and federal law, Webb initiated a series of state and federal actions, including five actions in Sarasota County Circuit Court.[2] All of the state court actions began in April 2025, and three of those actions remain open and active.[3]

In July 2025, Webb brought the controversy to federal court. This action is one of four filed by Webb in the Tampa Division. In *Webb v. Cervera*, *et al.*, filed on July 11, 2025, Webb sues the mother of his minor child; Incarnation Catholic School, its employees, and the Diocese of Venice; Florida Department of Children and Families employee Dekesha Battieste; Sarasota Police Officer Clifford J. Cespedes; and several John and Jane Does, over the incidents that occurred between February and April 2025 involving Webb's visitation with his minor child. No. 8:25-cv-1786-MSS-AAS (M.D. Fla. 2025), Doc. 6. A July 28, 2025, order dismisses the action without prejudice based on a lack of subject matter jurisdiction and "the

---

2021) (citing *Ates v. Fla.*, 794 F. App'x 929, 930 (11th Cir. 2020) (affirming district court's judicial notice of electronic state court docket)); *see also* FED. R. EVID. 201(b), (b)(2).

[2] *Webb v. Diocese of Venice in Florida, Inc., et al.*, No. 2025 CA 1640 NC (Fla. 12th Cir. Ct. 2025); *Webb v. Fla. Dep't of Child. & Fam.*, No. 2025 CA 1641 NC (Fla. 12th Cir. Ct. 2025); *Webb v. Fla. Dep't of Educ..*, No. 2025 CA 1660 NC (Fla. 12th Cir. Ct. 2025); *Webb v. Cliff Cespedes*, No. 2025 CA 1661 NC (Fla. 12th Cir. Ct. 2025); *Webb v. Sarasota Cnty. Sheriff's Off.*, No. 2025 CA 1945 NC (Fla. 12th Cir. Ct. 2025).

[3] *Webb v. Diocese of Venice in Fla., Inc.*, No. 2025 CA 1640 NC (Fla. 12th Cir. Ct. 2025); *Webb v. Fla. Dep't of Child. & Fam.*, No. 2025 CA 1641 NC (Fla. 12th Cir. Ct. 2025); *Webb v. Fla. Dep't of Educ.*, No. 2025 CA 1660 NC (Fla. 12th Cir. Ct. 2025).

domestic relations exception to federal court jurisdiction" in *Ingram v. Hayes*, 866 F.2d 369, 369 (11th Cir. 1988). No. 8:25-cv-1786-MSS-AAS, Doc. 10.

In *Webb v. Diocese of Venice in Florida, Inc.*, *et al.*, filed on July 15, 2025, Webb sues the mother of his minor child; Incarnation Catholic School, its employees, and the Diocese of Venice; Florida Department of Children and Families employee David Booker; and several John and Jane Does, over the same incidents that occurred between February and April 2025 involving Webb's visitation with his minor child. No. 8:25-cv-1835-JLB-CPT (M.D. Fla. 2025), Docs. 1, 9. An October 22, 2025, report recommends abstention under the "domestic relations exception" but suggests leave to amend. No. 8:25-cv-1835-JLB-CPT, Doc. 8. That recommendation remains pending.

In *Webb v. Florida Department of Education*, *et al.*, filed on July 23, 2025, Webb sues the mother of his minor child; Incarnation Catholic School, its employees, and the Diocese of Venice; the Florida Department of Education; numerous state and local officials; and several John and Jane Does, over the same incidents that occurred between February and April 2025 involving Webb's visitation with his minor child. No. 8:25-cv-1942-JLB-AAS (M.D. Fla. 2025), Doc. 1. An August 1, 2025, report recommends dismissing the complaint for lack of jurisdiction and abstaining "due to the strong state interest and state court competence adjudicating child custody disputes." No. 8:25-cv-1942-JLB-AAS, Doc. 7 at 4. That recommendation remains pending.

Webb filed this action on July 28, 2025, and alleges violations of both state and federal law based on the same incidents described in the earlier actions that occurred between February and April 2025 and that involved Webb's visitation with his minor child. Doc. 1. Webb files an amended complaint against the Florida Department of Children and Families and its employees David Booker, Dekesha Battieste, and Tonge Johnson, as well as the Sarasota County Sheriff's Office. Doc. 6, ¶¶ 5-8. Webb also names "John and Jane Does 1-10," who he describes as "employees, contractors, or agents of DCF or SCSO acting under color of law." Doc. 6, ¶ 9.

The amended complaint alleges that, between February and April 2025, Webb was "the lawful custodial parent of his minor child pursuant to a valid Florida court order." Doc. 6, ¶ 10. Nonetheless, Booker and Battieste began a child welfare investigation targeting Webb and "unlawfully interfered" with Webb's custodial rights by "instructing others not to release his child to him." Doc. 6, ¶ 12. Webb claims that Booker and Battieste "fabricated or omitted material facts in official records and communications to justify their unlawful interference." Doc. 6, ¶ 13. Despite Webb's repeated requests for the return of his child in compliance with the court order, DCF and Sheriff's Office employees refused to act. Doc. 6, ¶14. As a result of the defendants' actions, Webb suffered a loss of companionship, emotional distress, reputational harm, and "financial damages." Doc. 6, ¶ 16.

Webb asserts claims under 42 U.S.C. § 1983 for a violation of his rights under the Fourteenth and Fourth Amendments to the United States Constitution, as well as

a claim under Florida law for intentional interference with custodial rights. Doc. 6, ¶¶ 17-35. Webb demands damages of "not less than $75,000," plus an award of costs and attorney's fees. Doc. 6 at 6.

## II. DISCUSSION

### a. Standard of review

A litigant can sue in federal court without prepaying the filing fee if the person submits an affidavit showing that "the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). After reviewing the affidavit to determine the economic status of the litigant, the court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)-(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the complaint's legal theories lack merit or if the complaint's factual allegations fail to state a plausible claim for relief, dismissal may occur before service

of process. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

Although *pro se* pleadings receive a liberal construction, a *pro se* plaintiff must nonetheless satisfy the pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Finally, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### b. By filing this action while his state court actions remain pending, Webb engages in improper claim splitting.

"[A] plaintiff 'may not file duplicative complaints in order to expand their legal rights.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). Rather, a plaintiff must assert in one lawsuit all causes of action arising from a common set of facts. *Id.* at 841-42. To do otherwise results in "claim splitting," which wastes "scarce judicial resources" and undermines "the efficient and comprehensive disposition of cases." *Id.* (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)). Thus, the rule against claim splitting promotes judicial economy and shields parties from vexatious, duplicative litigation. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021) (quoting *Vanover*, 857 F.3d at 843). The claim-splitting doctrine applies if (1) a second lawsuit has been filed before the first has reached a final judgment, (2) the cases involve the same parties and their privies, and (3) the cases arise from the same transaction or series of transactions. *Id.* ("'Successive causes of action arise from the same transaction or

series of transactions when the two actions are based on the same nucleus of operative facts.'") (quoting *Vanover*, 857 F.3d at 842).

The prohibition on claim splitting applies here because Webb files a successive lawsuit involving the same parties and the same nucleus of operative fact before his first lawsuit has reached a final judgment. Webb's first lawsuit involving the defendants began on April 7, 2025, when Webb sued the Florida Department of Children and Families, Booker, Battieste, and Johnson in state court. *Webb v. Fla. Dept. of Children & Families, et al.*, No. 2025 CA 1641 NC (Fla. 12th Cir. Ct, 2025). Webb's factual allegations in that case mirror the factual allegations of the pleadings here and involve the same alleged unlawful interference with Webb's visitation between February and April 2025. *See id.*, DIN 31 at 2-4. In his initial state court complaint, Webb asserted claims for negligence, "tortious interference with civil rights" under Section 1983, intentional infliction of emotional distress, and vicarious liability. *Id.*, DIN 2 at 1-3. An amended complaint alleges the same claims except the claim under Section 1983. *Id.*, DIN 31 at 4-6. A February 16, 2026, order dismisses the amended complaint without prejudice and grants Webb thirty days to file a second amended complaint. *Id.*, DIN 138.

Thus, the state case has not reached a final judgment and remains pending subject to Webb's filing a second amended complaint. Although his amended complaint here articulates slightly different causes of action, that will not prevent a finding of improper claim splitting. *See Vanover*, 857 F.3d at 842-43 (explaining that a new action must raise new and independent claims based on new facts and that the

7

addition of separate causes of action does not avoid the claim-splitting doctrine).

Accordingly, by filing this action against DCF, Booker, Battieste, and Johnson while the state action remains pending, Webb engages in improper claim splitting, which requires dismissal.

### c. The amended complaint fails to state a claim under 42 U.S.C. § 1983 against the Sarasota County Sheriff's Office and the Florida Department of Children and Families.

Section 1983 of Title 42, United States Code, creates civil liability for any person who, under color of state law, violates a person's constitutional rights. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). However, no cause of action exists against a local government under Section 1983 "for an injury inflicted solely by [the local government's] employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, a claim exists only when the "execution of a government's policy or custom . . . inflicts the injury[.]" *Id.* Thus, a plaintiff suing a sheriff's office must allege facts showing that a custom or policy led to the violation. *Geter v. Wille*, 846 F.2d 1352, 1354 (11th Cir. 1988).

"A policy is a 'decision that is officially adopted by the [law enforcement agency], or created by an official of such a rank that he or she could be said to be acting on behalf of [the law enforcement agency].'" *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1299 (11th Cir. 2023) (quoting *Christmas v. Harris Cnty.*, 51 F.4th 1348, 1356

(11th Cir. 2022)). "A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law." *Id*. (quoting *Christmas*, 51 F.4th at 1356). "Demonstrating a policy or custom requires showing a persistent and wide-spread practice." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1332 (11th Cir. 2007).

Here, Webb alleges no fact from which to infer that a policy or custom of the Sarasota County Sheriff's Office resulted in Webb's loss of contact and visitation with his child. Nor do the facts suggest that, with an opportunity to amend, Webb could show that the refusal to act by the Sheriff's Office resulted from a persistent and widespread practice. Accordingly, Webb's claim against the Sheriff's Office should be dismissed.

Additionally, Webb's claim against the Florida Department of Children and Families is barred under the Eleventh Amendment, which provides immunity to states from federal lawsuits. *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Com'n*, 226 F.3d 1226, 1231 (11th Cir. 2000). This immunity extends to the Florida Department of Children and Families. *Hood v. Dep't of Child. & Fams.*, No. 2:12-CV-637-FTM-29, 2014 WL 757914, at *3 (M.D. Fla. Feb. 26, 2014) (explaining that DCF is a state agency under Fla. Stat. § 20.19 and is entitled to Eleventh Amendment immunity).

Furthermore, Webb's amended complaint contains no factual allegation to overcome Eleventh Amendment immunity. *Ex Parte Young*, 209 U.S. 123 (1908), recognizes an exception to Eleventh Amendment immunity when a party sues for

9

prospective injunctive relief in "challenging the constitutionality of a state official's action," because such a lawsuit is deemed a lawsuit against the official and "not . . . against the State." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). However, the *Ex Parte Young* exception applies only to claims against state officials and not to claims against "the States or their agencies, which retain their immunity against all suits in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). For this exception to apply, a complaint must allege "an ongoing violation of federal law and seek[] relief properly characterized as prospective." *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Because the amended complaint seeks an award of damages, Doc. 6 at 6, cites no "ongoing violation of federal law," and seeks no "prospective" relief, the exception recognized in *Ex Parte Young* is inapplicable.

The two other exceptions to Eleventh Amendment immunity are similarly inapplicable. An exception applies if a state expressly waives its immunity under the Eleventh Amendment. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. Although Florida has expressly waived immunity for certain lawsuits raising traditional tort claims under Section 768.28(1), Florida Statutes (2017), Florida has not waived immunity for a civil rights action against a state agency under Section 1983. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986) (holding that Florida's waiver of immunity is limited to traditional torts and "does not constitute consent to suit in federal court under § 1983."). For the final exception, "Congress has power with respect to the rights protected by the Fourteenth Amendment to abrogate the

Eleventh Amendment immunity . . . ." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. However, Congress has not abrogated Eleventh Amendment immunity for Section 1983 claims. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, none of the exceptions to Eleventh Amendment immunity apply to Webb's Section 1983 claim against the Florida Department of Children and Families.

### d. Because this action derives from an ongoing domestic relations dispute over visitation, abstention may be warranted.

"The federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Ingram*, 866 F.2d at 369. Because of this, "federal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.* at 369. The policies favoring abstention include "'the strong state interest in domestic relations matters, the competency of state courts in settling family disputes, the possibility of incompatible federal and state decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.'" *Id.* at 369-70 (quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978)). As directed in *Ingram*, abstention and dismissal are warranted "if hearing the claim would mandate inquiry into the marital or parent-child relationship." *Id.* at 370.

Although Webb seeks no relief directly impacting his visitation with his minor child, the relief he seeks could result in incompatible or conflicting state and federal orders. This dispute arises from an ongoing, state domestic relations case, with the

most recent order occurring in that case on March 9, 2026. *See Cervera v. Webb*, No. 2015 DR 001516 NC, DIN 1269 (Fla. 12th Cir. Ct. 2015). To the extent that Webb alleges unlawful interference with the family court's order, that court is in the best position to evaluate the claim of unlawful interference and, if necessary, to modify or enforce the order. *See Glegg v. Van Den Hurk*, 379 So. 3d 1171, 1173 (Fla. 4th DCA 2024) (recognizing that, "[i]n the time that a defendant in a civil suit has to file a motion to dismiss, a family court judge can hold a hearing, take evidence, and fashion a remedy."). Thus, even if dismissal is unwarranted under the doctrine of claim splitting, dismissal appears warranted under the abstention principle articulated in *Ingram*.

### e. Leave to amend should be denied.

A district court typically must provide a *pro se* plaintiff with notice of the intent to dismiss and an opportunity to respond. *See Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire*, 2021 WL 3238806, at *1; *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). Webb amended his complaint once already. Doc. 6; FED. R. CIV. P. 15(a). Based on the claim-splitting doctrine, the absence of a plausible Section 1983 claim under any construction of the facts, and the abstention doctrine articulated in *Ingram*, I find that further amendment would be futile. Thus, I recommend dismissing the amended

complaint without leave to amend.

### III.   CONCLUSION

For the reasons explained in this report, I recommend denying the motion to proceed *in forma pauperis*, Doc. 2; dismissing the amended complaint without leave to amend; terminating any pending motion; and closing the case.

**REPORTED** in Tampa, Florida, on this 13th day of March, 2026.

LINDSAY S. GRIFFIN
United States Magistrate Judge

13