## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JEREMIAH VERNON WEBB,

Plaintiff,

v.

Case No. 8:25-cv-01990-SDM-LSG

FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES;

DAVID BOOKER; DEKESHA J. BATTIESTE; TONGE JOHNSON;

and JOHN and JANE DOES,

Defendants.

---

# PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Plaintiff, Jeremiah Vernon Webb, proceeding pro se, timely objects to the Report and Recommendation entered on March 13, 2026, and requests de novo review of the portions objected to.

## I. Objection 1:

**The Report treats the controversy too broadly and does not account for a narrower federal pleading focused only on the independent conduct of state actors.**

1. The Report broadly characterizes the case as part of an ongoing domestic dispute and uses that broad characterization to support dismissal.

2. Plaintiff objects because the relevant question is not whether related domestic-relations proceedings exist, but whether this federal action can be narrowed to an independent federal claim against individual state actors for their own conduct under color of law.

3. The attached Verified Second Amended Complaint does exactly that. It does not ask this Court to modify custody, enforce a parenting plan, review the merits of a domestic-relations order, or function as an appellate court over state proceedings.

4. Instead, it limits the case to whether individual DCF-related actors independently violated Plaintiff's federal rights through their own directives, communications, retaliatory conduct, investigative acts, and damaging findings.

## II. Objection 2:

**The Report's claim-splitting analysis does not justify dismissal without leave to amend.**

5. The Report concludes that this action is barred by claim splitting because Plaintiff has related state litigation involving overlapping facts.

6. Plaintiff objects to dismissal on that basis without leave to amend because the attached proposed pleading materially narrows the case and removes the overlap-producing features of the earlier complaint.

7. The proposed pleading:

   a. removes DCF as a federal damages defendant,

   b. removes the prior state-law count,

   c. removes the Sheriff's Office / Monell theory,

   d. and pleads only individual-capacity federal claims.

8. The existence of overlapping facts does not mean that no distinct federal claim can be pleaded. The proposed pleading shows that a narrower federal slice can be stated.

## III. Objection 3:

**The Report correctly identified weaknesses in the prior amended complaint, but incorrectly concluded that amendment would be futile.**

9. This is Plaintiff's principal objection.

10. The prior amended complaint was less precise than it should have been. But the Report then went too far by concluding that no further amendment could cure the problem.

11. The attached proposed pleading cures the defects identified in the Report by:

   a. dropping the agency-based federal damages theory;

   b. dropping the state-law and Monell components;

   c. pleading a fuller chronology of the individual defendants' conduct;

d. sharpening the federal constitutional theories; and

e. clearly separating the federal civil-rights claims from any request for domestic-relations relief.

12. The proposed pleading specifically alleges:

a. a direct complaint by Plaintiff to Battieste about Booker while Booker was present and knew he was being reported;

b. a retaliatory reversal by Booker after that complaint;

c. multiple complaints by Plaintiff concerning Battieste to DCF leadership and Inspector General channels;

d. Battieste's alleged use of a supposed new investigation before it had been formally filed;

e. Battieste's late-March statement reflecting hostility to Plaintiff's complaints and escalation efforts;

f. and the later use or maintenance of the Favorin finding in the adverse sequence against Plaintiff.

13. Those allegations show that amendment is not futile.

## IV. Objection 4:

**The Report's abstention analysis is too broad as applied to the proposed narrowed pleading.**

14. Plaintiff agrees that a federal court should not function as a family court or enter competing custody or timesharing decrees.

15. But the attached proposed pleading does not seek that.

16. It seeks adjudication only of whether identified state actors, after being shown the operative court-ordered framework, used state authority to interfere with Plaintiff's federally protected relationship with his child and later compounded that injury through retaliatory investigations, findings, and adverse participation in later proceedings.

17. Adjudicating those independent constitutional claims does not require this Court to decide who should have custody, how a parenting plan should be enforced, or whether a state judge should have ruled differently in domestic-relations proceedings.

## V. Objection 5:

### The Report overstates the nature of the pending 2DCA appeal.

18. The Report states that Plaintiff's family case remains pending on appeal. Plaintiff objects to the extent that statement is used to imply that the entire parent-child controversy is presently before the state appellate court.

19. The 2DCA appeal identified by Plaintiff is narrower. It is an appeal from orders denying a petition for writ of habeas corpus and denying reconsideration of that habeas ruling. It is not a plenary appeal presenting every independent federal constitutional claim against DCF actors.

20. Plaintiff does not argue that this distinction alone resolves all jurisdictional issues. Rather, it underscores why amendment is not

futile: the federal complaint can be narrowed so that this Court adjudicates only the distinct federal claim that belongs here.

## VI. Objection 6:

**The revised retaliation allegations show that one part of this controversy belongs in federal court.**

21. The Report did not have before it the refined federal pleading now attached.

22. That pleading alleges a concrete retaliation sequence:

   a. Plaintiff complained directly to Battieste about Booker while Booker was present and knew he was being reported;

   b. after that complaint, Booker allegedly contradicted the corrective position Battieste had conveyed and told officers to keep the child from Plaintiff while also making additional negative statements about Plaintiff;

   c. Plaintiff later made multiple complaints concerning Battieste to DCF leadership and Inspector General channels;

   d. Battieste allegedly used or referenced a supposed new investigation through law enforcement before that investigation had formally been filed;

   e. Battieste later made a statement in substance that "Even if you are innocent, how you are going about it is a problem, and I do not like it," which supports a retaliatory inference;

f.  and after the September 19, 2025 hearing did not achieve the intended adverse result, Defendants allegedly used, maintained, or allowed the Favorin-related finding to deepen the adverse posture against Plaintiff in the continued proceedings.

23.  These are independent federal retaliation and due-process allegations directed at state actors' own conduct. They are not requests for domestic-relations review.

## VII.  Objection 7:

**If the Court finds the prior amended complaint deficient, the proper course is to permit the narrower attached pleading.**

24.  Plaintiff has not responded to the Report merely with generalized disagreement. He has submitted a complete proposed pleading that narrows the case and attempts to conform it to the federal limits identified by the Court.

25.  That is the correct procedural response. The Court should permit the proposed amended complaint rather than dismiss the action with prejudice at the screening stage.

## VIII.  CONCLUSION

26.  For these reasons, Plaintiff respectfully requests that the Court:

A. sustain these objections;

B. decline to adopt the Report and Recommendation to the extent it recommends dismissal without leave to amend;

C. grant Plaintiff leave to file the attached Proposed Verified Second Amended Complaint;

D. allow the case to proceed on the narrowed federal pleading; and

E. grant such other and further relief as is just.

Respectfully submitted,

JEREMIAH VERNON WEBB
Plaintiff, pro se
11121 Lost Creek Terr 101
Bradenton, FL 34211
801-755-9600
jeremiah@shoponfire.com